Calvin **CAFRITZ**, Appellant,

v.

Carter **CAFRITZ** and Conrad Cafritz,
Appellees.

No. 9184.

District of Columbia Court of Appeals.

Argued Sept. 16, 1975.

Decided Oct. 23, 1975.

Calvin, Conrad and Carter Cafritz, three brothers, were the only stockholders in Parklands Manor, Inc., a corporation whose assets consisted of certain apartment units in the District of Columbia, an undeveloped tract of land in Maryland, and a sum of cash in excess of $800,000. On April 2, 1973, the brothers entered into a partnership agreement establishing a limited partnership whose capital consisted solely of the stock of the corporation, Parklands Manor, Inc. Plaintiff is the only limited partner and defendants are the only general partners.

The partnership agreement provided that:

> Promptly after the Partnership becomes the owner of the stock of the Corporation the General Partners shall cause the Corporation to be liquidated . . . so that the Partnership shall hold the net assets of the Corporation as the capital of the Partnership.

Under the terms of the agreement, the partners "by majority vote may withdraw (in equal shares) part of the Partnership capital."

Bernard I. Nordlinger, Washington, D. C., for appellant.

John W. Vardaman, Jr., Washington, D. C., with whom John B. Kuhns, Washington, D. C., was on the brief, for appellees.

Before REILLY, Chief Judge, and YEAGLEY and MACK, Associate Judges.

MACK, Associate Judge.

Plaintiff Calvin Cafritz appeals from a summary judgment entered by the Superior Court in favor of defendants Carter Cafritz and Conrad Cafritz. The trial court denied plaintiff's request for either reformation of a partnership agreement made by the parties or in the alternative dissolution of the partnership. We affirm.

Defendants arranged for liquidation of the corporation in accordance with the partnership agreement and have retained the cash received as capital of the partnership.

On April 10, 1974, plaintiff instituted this action seeking to reform the partnership agreement to include a provision requiring that the cash received by the partnership upon liquidation of the corporation be distributed to the individual partners. Plaintiff alleges that in making the agreement, he intended that there be an immediate distribution of the cash assets of the corporation upon liquidation, that defendants were aware of his intention, and that defendants were guilty of inequitable conduct in failing to inform him of an alleged secret intention on their part not to distribute the cash.

Reformation is appropriate where a mistake is made in the drafting of an instrument so that the written contract fails to express the true agreement between the parties. *Rock-Ola Mfg. Corp. v. Filben Mfg. Co.,* 168 F.2d 919 (8th Cir.), *cert. denied,* 335 U.S. 892, 69 S.Ct. 249, 93 L.Ed. 430 (1948). An instrument will be reformed where one party is mistaken as to its contents and the other party has engaged in fraud or inequitable conduct. *Hawkins v. Fradkin,* 85 U.S.App.D.C. 310, 178 F.2d 705 (1949); *Sanders v. Monroe,* 56 App. D.C. 132, 10 F.2d 997 (1926). In this case it is undisputed that plaintiff made no mistake concerning the partnership agreement as written.

Plaintiff is a man of substantial business acumen who, having entered the family business at an early age, worked his way up to become at one time president of the Cafritz Company and its affiliates, including more than seventy companies owning property. In his deposition, he stated that he had read the partnership agreement before signing it and that he had not requested a provision requiring distribution of the cash obtained on liquidation because he thought it was unnecessary;[1] that he had known the general partners against limited partner arrangement was "dangerous" because he was giving up an equal right to manage the assets but had hoped that it would "work out." In fact, plaintiff does not claim that he failed to understand the agreement.[2] Reformation is inappropriate in this case.

Plaintiff, relying on *Helms v. Duckworth,* 101 U.S.App.D.C. 390, 249 F.2d 482 (1957), also argues that either reformation or dissolution is justified because defendants breached a fiduciary duty to plaintiff in failing to disclose their alleged secret intention not to distribute the cash assets. However, the facts in that case are quite distinguishable from the undisputed facts in the present case. In *Helms* the court held that a secret intention was sufficient to warrant cancellation of an agreement where the secret intention was openly admitted and in direct conflict with the written agreement. In the present case defendants deny any secret intention and in fact assert that they anticipated a distribution of some money but subject to the contingency that such cash was not needed for reserves. Moreover, even assuming that a secret intention not to distribute could be proved, that intention did not conflict with the terms of the partnership agreement. Thus plaintiff's reliance on *Helms* as a basis for equitable relief is misplaced.[3]

---

1. Plaintiff asserts that, because a prior partnership formed by the brothers distributed cash assets after liquidation of a corporation owning property at 1100 17th Street, N. W., he assumed that the same pattern would be followed in this transaction. Before the prior liquidation, there had been extensive negotiation among the brothers, and a specific provision requiring distribution had been included in the partnership agreement. In the instant transaction, it is not disputed that there was no such pre-agreement discussion and that plaintiff made his first demand for distribution after the liquidation.

2. The trial court determined that the agreement contains "language . . . so clear and unambiguous that there could be no mistake about the fact that there was no intention or obligation to make an immediate distribution of cash."

3. In addition, *Helms* involved breach of a fiduciary duty between parties who had a relationship of trust and confidence. There, an elderly man, who had no experience in drafting contracts, and who depended for advice upon a 37 year old man trained in law and business, formed a corporation with the younger man and relied upon him to formulate the terms of their agreement, to the former's detriment. In this case by plaintiff's own account, the relationship between the parties was not one of trust and confidence. There is a long history of disputes among the brothers over business projects, and the agreement at issue was drafted by an attorney who has the confidence of plaintiff.

As an alternative form of relief, plaintiff requests dissolution of the partnership under D.C.Code 1973, § 41–331 which provides for dissolution whenever the conduct of a partner "tends to affect prejudicially the carrying on of the business." Plaintiff contends that dissolution is warranted because of irreconcilable differences between defendants and himself concerning both retention of the cash received upon liquidation and also development of property owned by the partnership. We agree with the trial court that these differences do not interfere with carrying on of partnership business, particularly in light of the fact that under the partnership agreement defendants, as general partners, have the sole power to control, operate and manage the business.

Finally, plaintiff contends that of the cash received by the partnership upon liquidation of the corporation, that portion which was taxed as ordinary dividend income should be treated as profits of the partnership and distributed to the individual partners in accordance with the agreement. The trial court properly rejected this contention. Because the partnership agreement provides that all assets of the corporation shall be retained as partnership capital, it is clear from the face of the agreement that the cash assets of the liquidated corporation are to be treated as partnership assets and not partnership profits.[4]

Finding no genuine issues of material fact, the judgment of the Superior Court is

*Affirmed.*

---

4. In addition to other relief, plaintiff, in his complaint, requested an accounting. Although the trial court failed to rule specifically on this request, we find no facts alleged which warrant an accounting. In his deposition, plaintiff testified that he received monthly and annual financial reports on the business and that he has not requested to examine the books of the partnership. Plaintiff has been kept apprised of the partnership's financial status and does not contend that defendants have engaged in financial mismanagement of any kind.